UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. C-04-431 |
| § | |
| CUTBERTO ARNOLDO CASSO § | |

**<u>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO BAR OR BAN THE USE OF ORAL CONTRACTS BY THE GOVERNMENT
AT THE SIGNING OF LETTER OF PROFFER</u>**

Pending before this Court is defendant's Motion to Bar or Ban the Use of Oral Contracts by the Government at the Signing of Letter of Proffer (D.E. 64). For the following reasons, the Court denies defendant's motion.

Defendant's motion asks this Court to bar the use of "oral contracts" in plea bargaining negotiations because "there can only be two reasons for the government to insist on oral contracts . . . to deceive the defense attorney at trial or to deceive the witness" (D.E. 64, p. 3-4). Defendant does not challenge his own plea agreement or conviction but instead seeks an injunction barring the government from using "oral contracts" in all future plea negotiations.[1] Defendant does not have standing to challenge the government's practice of orally negotiating plea agreements.

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution

---

[1] The "oral contracts" are not precisely defined in the defendant's motion. It appears that defendant is referring to any oral representations made by the government to a defendant prior to sentencing. As to his own "oral contract," defendant states that the government offered "no promises, no guarantees" of any sentence prior to his guilty plea, and that the government told him "it would be up to the judge . . . to give me all or part or none" of any available sentence reduction (D.E. 64, p. 3).

by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1665 (1983) (citing *Flast v. Cohen*, 88 S.Ct. 1942, 1949-1953 (1968)). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *Lyons*, 103 S.Ct. at 1665). Defendant's request for injunctive relief does not allege a past injury because he does not challenge his plea agreement or conviction. Furthermore, defendant was just recently sentenced to a term of 188 months for possession with intent to distribute 596 kilograms of marijuana, making it highly unlikely that he will need to enter into any "oral contracts" or plea agreements with the government in the immediate future. Therefore, defendant has not shown that he has sustained or is immediately in danger of sustaining a direct injury as the result of the government's "oral contracts" and he has no standing to request injunctive relief.

Accordingly, defendant's Motion to Bar or Ban the Use of Oral Contracts by the Government at the Signing of Letter or Proffer (D.E. 64) is DENIED.

ORDERED this __7th__ day of March, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE